IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANIE GREEN, | : | |
|     Plaintiff | : | Civil Action No.: 1:05-CV-2603 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DAUPHIN COUNTY ADULT | : | |
| PROBATION/PAROLE OFFICE, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Janie Green, acting pro se, filed a complaint on December 19, 2005, alleging violations of her Fourth Amendment rights. Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. No. 2), which this Court granted. (Doc. No. 4.) Defendants subsequently filed an answer to the complaint on March 30, 2006. (Doc. No. 8.) On June 9, 2006, this Court entered an order scheduling a case management conference on August 10, 2006, at 11:00 a.m. (Doc. No. 9.) In bold typeface, the scheduling order provided that "**[t]he parties shall inform the court of the telephone number at which they can be reached for the conference no later than August 7, 2006.**" (Doc. No. 9.) The scheduling order also provided that "[p]articipation in this conference by counsel or by pro se litigants is mandatory." (Doc. No. 9) (emphasis in original). Finally, the Court required that the parties individually submit a Case Management Plan by August 4, 2006.

As of August 8, 2004, the Plaintiff had not provided the Court with a telephone number by which she could be reached for the August 10 case management conference. This Court therefore entered an order requiring the Plaintiff to provide a telephone number by no later August 21, 2006. (Doc. No. 11.) The case management conference was also rescheduled for August 25, 2006. On August 24, 2006, the Plaintiff still had not provided a telephone number by which she could be reached. This Court, therefore, issued an order to show cause why the case

should not be dismissed for Plaintiff's failure to prosecute her claim.  (Doc. No. 12.)  To date, Plaintiff has not responded to any of the Court's orders.  For the following reasons, this Court will dismiss Plaintiff's claim.

**DISCUSSION**

A district court has inherent power to manage its docket.  Chambers v. NASCO, 501 U.S. 32, 44 (1991) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31(1962)).  Nevertheless, due to the severity of a dismissal sanction, the Third Circuit demands that district courts evaluate six factors before dismissing a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  None of these factors is dispositive and for dismissal to be appropriate, a Court must weigh all six of these factors.  United States v. $ 8,221,877.16 in United States Currency, 330 F.3d 141, 161-62 (3d Cir. 2003).

In this case, these factors indicate that dismissal is warranted.  First, because plaintiff is acting pro se, she alone is responsible for her failure to provide the Court with a telephone number.  Second, defendants in this case have been prejudiced by Plaintiff's failure to comply with case management orders because the Court is unable to proceed due solely to Plaintiff's inaccessibility.  Third, Plaintiff has not filed a case management plan as required by the June 9, 2006, order and she has additionally ignored two subsequent orders of the Court relating to case management.  With respect to the fourth Poulis factor, the Court is unable to discern whether

such conduct is willful or in bad faith because Plaintiff has failed to comply with the Court's orders to provide a means of communicating with Plaintiff.  Fifth, the effectiveness of any sanction other than dismissal is in doubt, given that Plaintiff has been afforded ample opportunity to offer the Court an explanation for her unavailability.  Sixth, the Court is unable to speculate on the merits of Plaintiff's claim because there has been no activity in this case since its inception and because the complaint consists merely of allegations.  At the very most, this factor does not militate toward the favor of either party.

    For these reasons, the Court finds it appropriate to dismiss Plaintiff's complaint pursuant to Rule 41(b) for a failure to prosecute her claims.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANIE GREEN,** | : | |
|     **Plaintiff** | : | **Civil Action No.: 1:05-CV-2603** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **DAUPHIN COUNTY ADULT** | : | |
| **PROBATION/PAROLE OFFICE, et al.,** | : | |
|     **Defendants** | : | |

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. No. 1) is hereby

**DISMISSED** without prejudice. The Clerk of Court shall close the file.


       S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court

Dated: September 20, 2006.